**PUBLISH**

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 97-2319

95-250-Civ-J-10

JOHN GARY HARDWICK, JR.,

              Petitioner-Appellant,

versus

HARRY K. SINGLETARY, JR.,
Secretary, Florida Department
of Corrections,

              Respondent-Appellee.

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP - 4 1997
MIGUEL J. CORTEZ
CLERK

Appeal from the United States District Court
for the Middle District of Florida

(September 4, 1997)

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Petitioner John Gary Hardwick moves for remand and relinquishment of jurisdiction or, in the alternative, a certificate of probable cause to appeal the district court's denial of habeas corpus relief. The petition initially was filed in federal district court pursuant to 28 U.S.C. § 2254 on March 20, 1995. The district court denied the petition on February 24, 1997 and, applying the relevant provision of the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 120 Stat. 1214 (1996), now codified at 28 U.S.C. § 2253(c) (Supp. 1997),[1] issued a certificate of appealability as to three of Hardwick's twenty claims for relief. Hardwick moves for remand on the ground that the district court erroneously analyzed his application to appeal under the AEDPA. Hardwick argues that the district court should have applied pre-AEDPA law regarding

---

[1] The AEDPA became effective on April 26, 1996.

the issuance of a certificate of probable cause. In support of this argument, he avers that our recent en banc decision in Hunter v. United States, 101 F.3d 1565 (11th Cir. 1996), cert. denied, ___ U.S. ___, 117 S. Ct. 1696, 137 L. Ed. 2d 822 (1997), has been overruled in part by the Supreme Court's decision in Lindh v. Murphy, ___ U.S. ___, 117 S. Ct. 2059, ___ L. Ed. 2d ___ (1997).

To the extent that our decision in Hunter stands for the proposition that the AEDPA provisions governing certificates of appealability apply to § 2254 cases pending on the date of the AEDPA's enactment, we agree that the Supreme Court's pronouncement in Lindh effectively abrogates and supplants that portion of Hunter. Lindh states that "the new provisions of chapter 153 generally apply only to cases filed after the Act became effective." Id. at ___, 117 S.Ct. at 2068. Moreover, in reversing the Seventh Circuit's decision in Lindh v. Murphy, 96

3

F.3d 856 (7th Cir. 1996), the Court expressly noted our reliance in <u>Hunter</u> on the reasoning and analysis underlying the Seventh Circuit's holding. <u>See</u> <u>Lindh</u>, ___ U.S. at ___, 117 S.Ct. at 2061. We therefore hold, consistent with the clear directive of the Supreme Court in <u>Lindh</u>, that the AEDPA does not apply to habeas petitions that were pending at the time the new law took effect. To the extent that our decision in <u>Hunter</u> is inconsistent with the foregoing statement, it no longer represents the law of this circuit. <u>See</u> <u>United States v. Brown</u>, 117 F.3d, ___ n.7 (11th Cir. 1997) (interpreting <u>Lindh</u> to hold that the "provisions of Antiterrorism and Effective Death Penalty Act of 1996 do not apply to cases in which petitions or motions were filed prior to its effective date"); <u>accord</u> <u>Martin v. Bissonette</u>, ___ F.3d ___, ___ (1st Cir. 1997) ("Because [petitioner's] case was still pending before us on a petition for rehearing when <u>Lindh</u> was decided, we withdrew our earlier opinion and now reevaluate [petitioner's]

4

claims under the pre-AEDPA standard."); <u>Green v. Johnson</u>, 116 F.3d 1115, 1119 (5th Cir. 1997) ("Although we have held previously that the standards of review set forth in the AEDPA apply to all habeas petitions that were pending on April 24, 1996, the date on which the President signed the bill into law, we now must conclude otherwise in light of <u>Lindh v. Murphy</u>.") (citations omitted). <u>But see</u> <u>Tiedeman v. Benson</u>, ___ F.3d ___, ___ (8th Cir. 1997) (limiting application of <u>Lindh</u> to particular substantive provision of AEDPA and holding that when the "notice of appeal . . . together with [the] application for a certificate of appealability, was filed after the enactment of AEDPA. . . . [then] AEDPA does apply to the certificate-of-appealability issues").

Because Hardwick's petition for habeas corpus was pending on April 24, 1996, the district court erred in applying the AEDPA to Hardwick's application. Accordingly, Hardwick's motion for

remand and relinquishment of jurisdiction is GRANTED. We VACATE the court's order granting in part and denying in part a certificate of appealability, and REMAND for a reevaluation of Hardwick's application for a certificate of probable cause in light of pre-AEDPA law.

A True Copy - Attested:
Clerk, U.S. Court of Appeals,
Eleventh Circuit

By: Joyce J. Pope
Deputy Clerk
Atlanta, Georgia

6