IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION

JOHN GARY HARDWICK, JR.,
    Petitioner,

v.

JAMES R. McDONOUGH, JR.,
    Secretary,
    Fla. Dept. of Corrections,
    Respondent.

CASE NO. 3:95-cv-00250-HLA
CAPITAL CASE

## RESPONDENT'S FIRST[1] MOTION IN LIMINE AND SUPPORTIVE MEMORANDUM

Respondent McDONOUGH, through undersigned counsel and pursuant to Rule 3.01, Fed.R.Civ.P., moves that the scope of the evidentiary hearing be limited to a determination of whether Petitioner Hardwick directed his trial defense attorney not to produce mitigating evidence in the penalty phase of the state trial.

---

[1] Respondent anticipates, if Respondent's Motion to Dismiss is denied, filing an additional motion in limine in early January that will request that affidavits submitted to the state trial court on February 22, 1990, be excluded from the evidentiary hearing in this Court. This subsequent motion in limine will argue, among other things, that the State agreed to the use of the affidavits then because of the state trial court's denial of the motion for continuance of Hardwick's postconviction counsel, and, when Hardwick was allowed four additional days in which to introduce evidence, the State withdrew its stipulation.

A.  **RELIEF REQUESTED**.

If this Court denies Respondent's motion to dismiss,[2] which is being filed the same day as this motion in limine, and conducts an evidentiary hearing, Respondent submits that the evidentiary hearing should be limited to evidence relevant to whether Petitioner Hardwick directed his trial defense attorney not to introduce mitigating evidence at the penalty phase of the state trial. Only if this Court decides that Hardwick has met his burden of establishing that he did not communicate this direction to his trial defense attorney, then a broader evidentiary hearing may be[3] appropriate.

B.  **BASIS OF REQUEST**.

Respondent submits that limiting the evidentiary hearing comports with the holding in Schriro v. Landrigan, ___U.S.___, 127 S. Ct. 1933; 167 L. Ed. 2d 836; 2007 U.S. LEXIS 5496; 75 U.S.L.W. 4315; 20 Fla. L. Weekly Fed. S 257 (2007), reh. denied July 30, 2007. Landrigan, on May 14, 2007, clearly stated: "If Landrigan issued such an instruction [to "his counsel not to

---

[2] By filing the instant motion, Respondent waives none of his arguments in his motion to dismiss.

[3] At this juncture, Respondent does not concede the scope of such a hearing.

offer any mitigating evidence"], counsel's failure to investigate further **could not have been prejudicial** under *Strickland*." 127 S. Ct. at 1940-41.[4]

C.  **MEMORANDUM IN SUPPORT OF REQUEST**.

   1.   **BACKGROUND**.[5]

   The facts of this **1984 Murder** are summarized in Hardwick v. State, 521 So.2d 1071, 1072-73 (Fla. 1988).

   In **1986**,"[t]he jury found Hardwick guilty of first-degree murder. At the penalty phase, the state called no witnesses, but presented evidence of prior convictions reflecting violent felonies. The state offered no other evidence of aggravating factors, and the appellant presented no witnesses or evidence in support of mitigating factors." "The jury returned an advisory sentence recommending death on a seven-to-five vote. The trial court adjudicated Hardwick guilty of first-degree murder and sentenced him to death after finding no statutory or nonstatutory mitigating factors and five aggravating circumstances: (1) prior violent felony convictions, (2) the

---

   [4] Throughout this pleading, bold typeface is supplied for emphasis. Any italics-emphasis within quotations appeared in the original source, unless otherwise indicated.

   [5] Respondent uses the same "Background" as in his motion to dismiss filed the same day as this motion.

3

murder was committed during a kidnapping, (3) the murder was for pecuniary gain, (4) the murder was heinous, atrocious and cruel, and (5) the murder was cold, calculated and premeditated." 521 So.2d at 1073.

On **February 4, 1988**, the Florida Supreme Court, in <u>Hardwick v. State</u>, 521 So.2d 1071, affirmed Hardwick's conviction, <u>Id.</u> at 1074-75, 1077; struck the kidnaping and pecuniary gain aggravators; upheld, because of a lack of supporting evidence, the trial court's not finding as mitigation that Hardwick "was impaired through drug or alcohol abuse; and, upheld the death sentence "in light of the *particular* valid aggravating factors remaining in this case and the absence of any mitigating factors," 521 So.2d at 1075-77.

On **October 3, 1988**, the United States Supreme Court denied certiorari, <u>Hardwick v. Florida</u>, 488 U.S. 871 (1988).

On **January 10, 1990**, the Governor signed a death warrant. (<u>See</u>, <u>e.g.</u>, Response to Petition for Writ of Habeas Corpus, p. 4; Amended Petition for Writ of Habeas Corpus, p. 4)

On **February 16, 1990**, in the Fourth Judicial Circuit of Florida, Hardwick filed a motion for postconviction relief pursuant to Rule 3.850, Fla.R.Crim.P. (PC-R 55-275)[6]

---

[6] The same citation symbols will be used here as used in Respondent's Response to Petition for Writ of Habeas

4

On **February 22, 1990,** after the state trial court denied CCR's motion for a continuance of the scheduled evidentiary hearing (PC-TR 19-21), the State agreed, as an accommodation, that several affidavits could be considered as substantive evidence, noting that it was giving up its right to cross-examine these witnesses (PC-TR 26, 196-98); on **February 22, 1990,** trial defense counsel Tassone testified in the state postconviction evidentiary hearing (PC-TR 29-192).

On **March 6, 1990,** the state trial court denied relief. On **March 15, 1990,** the Florida Supreme Court ordered the trial court to conduct "a complete evidentiary hearing" (PC-R 276).

**May 3, 1990,** at the outset of the state proceedings on remand, the trial court informed the parties that although they were not precluded from calling Tassone, they did not need to call him "just to reestablish" what had been presented earlier (PC-TR 209).

In addition, the State, noting that it had previously allowed the defense to submit affidavits to accommodate the defense's claimed inability to obtain the presence of live witnesses at the initial hearing, expressly withdrew its stipulation to those affidavits, and insisted that any

---

Corpus.

5

testimony the defense wanted the court to consider should "be presented as live testimony" (PC-TR 211-14).

**On May 3 and 4, 1990, and on August 15 and 16, 1990,** the state trial court conducted extensive evidentiary proceedings on remand, resulting in an accumulated transcript of 1102 pages. (See PC-TR 203-1102)

On **August 17, 1990,** the parties filed a written stipulation that they had no more evidence to present and rested (PC-R 290).

Hardwick submitted a 300-page post-hearing written closing argument (PC-R 291-591). The trial court denied relief (PC-R 592-600). Hardwick appealed to the Florida Supreme and also petitioned that Court for habeas relief.

On **September 8, 1994,** the Florida Supreme Court affirmed the denial of postconviction relief and denied Hardwick's habeas petition. See Hardwick v. Dugger, 648 So.2d 100 (Fla. 1994).

On **March 20, 1995,** Hardwick filed a Petition for Writ of Habeas Corpus ("Petition") in this Court, resulting in this case. The Petition named the then-Secretary of Corrections as Respondent. The Petition raised twenty claims. On **June 20, 1995,** Respondent filed his 161 page Response to the habeas Petition, concluding that "all requested relief should be

denied" (p. 161). **November 9, 1995,** Hardwick filed an Amended Petition for Writ of Habeas Corpus. The amendment asserted that Hardwick's "sentence of death is infected and unreliable because of an illegal conviction in the state of North Carolina, which was used as an aggravating circumstance in his capital case." (Motion for Leave to Amend..., paragraph #4)

On **February 24, 1997,** this Court denied Hardwick's Petition, (Doc #54) and Hardwick appealed to the Eleventh Circuit of the United States Court of Appeals (Doc# 59).

On **January 31, 2003,** the Eleventh Circuit, in <u>Hardwick v. Crosby</u>, 320 F.3d 1127 (11th Cir. 2003), affirmed in part and reversed in part this Court's denial of Hardwick's petition for a writ of habeas corpus. The Eleventh Circuit remanded for a limited evidentiary hearing concerning allegations of ineffective assistance of counsel in the penalty phase of the state proceedings.

On **September 23, 2005,** this Court, citing to specific parts of the Eleventh Circuit's opinion, designated, "at the very least," several specified witnesses who must or should be called as witnesses. (Doc# 106)

The parties have filed a number of witness lists (Doc #s 92, 93, 95, 96, 98, 99).

On **September 27, 2007,** this Court, pursuant to the Eleventh Circuit's opinion, scheduled the evidentiary hearing for the week of January 28, 2007, and set December 28, 2007 for providing lists of witnesses and exhibits, listed in anticipated order and annotated with brief summaries for each.

2. **ARGUMENTS FOR LIMITING EVIDENCE AND SCOPE OF EVIDENTIARY HEARING.**

A motion in limine is a proper vehicle to move to limit the scope of evidence anticipated in a proceeding. See, e.g., Proctor v. Fluor Enters., 494 F.3d 1337 (11th Cir. 2007). This motion in limine is based upon the United States Supreme Court's decision in Schriro v. Landrigan, ___U.S.___, 127 S. Ct. 1933; 167 L. Ed. 2d 836; 2007 U.S. LEXIS 5496; 75 U.S.L.W. 4315; 20 Fla. L. Weekly Fed. S 257 (2007), decided on May 14, 2007, and rehearing denied on July 30, 2007.

Landrigan changed the applicable law so that a determination that Hardwick instructed his trial defense attorney not to produce mitigating evidence at the penalty phase of the state trial would be dispositive of the remaining portion of this habeas proceeding.

When the Eleventh United States Court of Appeals decided this case and when this Court rendered its pre-2007 orders

concerning the scope of the evidentiary hearing, Landrigan had not been released.

Respondent maintains in his motion to dismiss that the federal courts are bound by the state court's determination on this factual point, which was unrebutted in state court. While not abandoning or waiving any of the arguments in his pending motion to dismiss, Respondent contends that, if this Court decides to conduct an evidentiary hearing, the evidentiary hearing should be limited per Landrigan's holding concerning Strickland's prejudice prong, as discussed in the ensuing paragraphs.

Landrigan's application here is based upon the fundamental tenet of Strickland that, in order to prevail on a Strickland ineffective-assistance-of-counsel ("IAC") claim, a defendant must establish Strickland's deficient-performance prong as well as its prejudice prong, and a court need not even address one prong if the other is lacking. For example, Zamora v. Dugger, 834 F.2d 956, 958 (11th Cir. 1987), clearly stated that "[i]f a defendant does not satisfy both prongs of the *Strickland v. Washington* standard, he will not succeed on an ineffective assistance claim." See also, e.g., Marek v. Singletary, 62 F.3d 1295, 1301 (11th Cir. 1995)("Even if counsel's performance were deemed deficient, Marek fails to show any resulting prejudice

from the allegedly deficient performance"); Brown v. United States, No. 07-10219, 2007 U.S. App. LEXIS 23584, *9-10 (11th Cir. October 4, 2007)("we need not address both prongs of the *Strickland* test if the defendant makes an insufficient showing on one").

Landrigan's application here would dispose of the IAC penalty-phase claims, which are the only claims remaining in this habeas case, because it held, 127 S. Ct. at 1940-41, that a defendant cannot satisfy Strickland's prejudice prong where the defendant instructed his counsel not to present mitigation evidence:

> The Court of Appeals first addressed the State's contention that Landrigan instructed his counsel not to offer any mitigating evidence. If Landrigan issued such an instruction, counsel's failure to investigate further **could not have been prejudicial** under *Strickland*.

This principle of Strickland, although enunciated in 2007 in Landrigan, is basic to evaluating IAC claims and applies under pre-AEDPA and under AEDPA law.

Here, it is unrebutted as well as explicitly determined in state court proceedings, that Petitioner Hardwick "issued such an instruction" to his trial defense attorney. Tassone testified on cross-examination at the evidentiary hearing in state court that **"My client didn't want me to call anybody"** for

mitigation. (PC-TR 181) Hardwick's postconviction counsel responded, "I got you. I understand," (PC-TR 181) moved on to other topics, (See PC-TR 181-85) and shortly thereafter concluded his cross-examination of Tassone (PC-TR 185). Thus, the state trial court found:

> The entire question of Mr. Tassone's performance during the penalty phase is tempered by the **established and uncontroverted fact that Mr. Harwick ordered Mr. Tassone to present no mitigation evidence at the penalty phase**.

(PC-R 596) Accordingly, the Florida Supreme Court determined that the **Defendant "ordered counsel to present no mitigation evidence,"** 648 So.2d at 104.

If this Court makes a similar determination,[7] no further proceedings would be necessary in this Court; in such a situation, the evidence in this Court would require the denial of the penalty-phase allegations in the habeas petition and dispose of this case.

Especially given the evidence in the state court, such a preliminary determination has the potential for saving the taxpayers substantial expense, without sacrificing the rights of any party.

---

[7] Respondent will also contend for any evidentiary hearing in this Court that the burden concerning this fact is on Petitioner to disprove what was proved and found in the state courts.

WHEREFORE, Respondent respectfully moves that, if this Court denies Respondent's motion to dismiss, the evidentiary hearing, at this juncture, be limited to a determination of, and evidence relevant to, whether Petitioner Hardwick directed his trial defense counsel not to introduce any mitigating evidence in the penalty phase of the state trial.

Respectfully submitted,

BILL McCOLLUM, ATTORNEY GENERAL

/s/ Stephen R. White
BY STEPHEN R. WHITE, CO-COUNSEL
FLA. BAR NO. 159089
Assistant Attorney General, State of Fla.
PL-01, The Capitol
Tallahassee, FL 32399-1050
(850)414-3300 (voice), (850)487-0997 (fax)
Email: Steve.White@myfloridalegal.com

STEPHEN W. SIEGEL, TRIAL COUNSEL
Assistant State Attorney
Fourth Judicial Circuit of Florida,
HARRY L. SHORSTEIN, State Attorney
Email: ssiegel@coj.net

GEORGE Z. BATEH, TRIAL COUNSEL
Assistant State Attorney
Fourth Judicial Circuit of Florida,
HARRY L. SHORSTEIN, State Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing RESPONDENT'S FIRST MOTION IN LIMINE AND SUPPORTIVE MEMORANDUM has been furnished by ECF filing to counsel of record, this December 20, 2007.

/s/ Stephen R. White
Stephen R. White
Assistant Attorney General